# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# AIKEN DIVISION

| | |
|---|---|
| Elijah Pontoon and Lakeya Hicks, | Civil Action Number: |
| Plaintiffs, | 1:15-04697-JMC-PJG |
| v. | |
| | **ANSWER TO AMENDED COMPLAINT** |
| Chris Medlin, Clark Smith, Penny Shultz, Brian Hall, Charles Barranco, both individually and in his official capacity as the Director of the Aiken Department of Public Safety, Aiken Department of Public Safety and the City of Aiken, | **ON BEHALF OF DEFENDANTS MEDLIN, SMITH, SHULTZ, HALL, AND BARRANCO IN HIS INDIVIDUAL CAPACITY** |
| | {Jury Trial Demanded} |
| Defendants. | |

Defendants Medlin, Smith, Shultz, Hall, and Barranco, in his individual capacity only, hereby answer the Plaintiffs' Amended Complaint[1] as follows:

## FOR A FIRST DEFENSE

1.      The Summons and Amended Complaint fail to state a claim upon which relief can be granted.

## FOR A SECOND DEFENSE

2.      These Defendants deny each and every allegation of the Plaintiffs' Amended Complaint not hereinafter specifically admitted, qualified, or explained.

3.      As to the allegations set forth in Paragraph 1 of the Amended Complaint, these Defendants lack sufficient information upon which to form a belief as to the veracity of those

---

[1] The Plaintiffs filed an Amended Complaint which only removed the references to "John Doe" and "Jane Doe" and replaced them with the names of Defendants Hall and Shultz. As such, no new allegations were set forth in the Amended Complaint, and Defendants Medlin, Smith, and Barranco in his individual capacity, had already responded to Plaintiffs' allegations, and submit this Answer to the Amended Complaint in an abundance of caution only.

1

allegations.  To the extent those allegations attempt to establish liability on the part of these Defendants, those allegations are denied.

4.     As to the allegations set forth in Paragraph 2of the Amended Complaint, these Defendants admit only that these Defendants were working within the course and scope of their employment at all relevant times during any interactions with the Plaintiffs.  As to the remaining allegations set forth in Paragraph 2, these Defendants assert that said allegations attempt to establish legal conclusions, and these Defendants crave reference thereto.  Further answering, these Defendants deny any liability to the Plaintiffs.

5.     As to the allegations set forth in Paragraphs 3 and 4 of the Amended Complaint, these Defendants admit only that Defendant Barranco is, and was at the relevant period of time, the Director of the Aiken Department of Public Safety, and that these Defendants were working within the course and scope of their employment at all relevant times during any interactions with the Plaintiffs.  As to the remaining allegations set forth in Paragraph 3, these Defendants assert that said allegations attempt to establish legal conclusions, and these Defendants crave reference thereto.  Further answering, these Defendants deny any liability to the Plaintiffs.

6.     As to the allegations set forth in Paragraph 5 of the Amended Complaint, these Defendants admit only that they were working within the course and scope of their employment at all relevant times during any interactions with the Plaintiffs.  As to the remaining allegations set forth in Paragraph 5, these Defendants assert that said allegations attempt to establish legal conclusions, and these Defendants crave reference thereto.  Further answering, these Defendants deny any liability to the Plaintiffs. .

7.     As to the allegations set forth in Paragraphs 6, 7, 8, 9, 10, 11, and 12 of the Amended Complaint, these Defendants assert that said allegations attempt to establish legal

conclusions, and these Defendants crave reference thereto.  To the extent those allegations attempt to establish any factual assertions, those factual assertions are denied as stated.  Further answering, to these extent those allegations attempt to establish liability on the part of these Defendants, those allegations are denied.

8. As to the allegations set forth in Paragraphs 13, 14, and 15 of the Amended Complaint, these Defendants assert that said allegations are jurisdictional in nature, do not require a response from these Defendants, and these Defendants crave reference thereto.  Further answering, to the extent those allegations attempt to establish liability on the part of these Defendants, those allegations are denied.

9. As to the allegations set forth in Paragraphs 16 and 17 of the Amended Complaint, these Defendants assert that said allegations attempt to establish legal conclusions, and these Defendants crave reference thereto.  To the extent those allegations attempt to establish any factual assertions, those factual assertions are denied as stated.  Further answering, to these extent those allegations attempt to establish liability on the part of these Defendants, those allegations are denied.

10. As to the allegations set forth in Paragraphs 18 and 19 of the Amended Complaint, these Defendants admit same upon information and belief.

11. As to the allegations set forth in Paragraphs 20, 21, 22, 23, 24, and 25 of the Amended Complaint, these Defendants deny those allegations as stated.

12. As to the allegations set forth in Paragraph 26 of the Amended Complaint, these Defendants assert that said allegations attempt to establish legal conclusions, and these Defendants crave reference thereto.  Further answering, to these extent those allegations attempt to establish liability on the part of these Defendants, those allegations are denied.

3

13. As to the allegations set forth in Paragraphs 27, 28, 29, 30, 31, and 32 of the Amended Complaint, these Defendants deny those allegations as stated.

14. As to the allegations set forth in Paragraph 33 of the Amended Complaint, these Defendants assert that said allegations attempt to establish legal conclusions, and these Defendants crave reference thereto. Further answering, to these extent those allegations attempt to establish liability on the part of these Defendants, those allegations are denied.

15. As to the allegations set forth in Paragraphs 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, [there is no paragraph numbered 79], 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, and 98 of the Amended Complaint, these Defendants deny those allegations as stated.

16. As to the allegations set forth in Paragraph 99 of the Amended Complaint, these Defendants assert that said allegations attempt to establish legal conclusions, and these Defendants crave reference thereto. Further answering, to these extent those allegations attempt to establish liability on the part of these Defendants, those allegations are denied.

17. As to the allegations set forth in Paragraphs 100, 101, 102, and 103 of the Amended Complaint, these Defendants deny those allegations.

18. As to the allegations set forth in Paragraph 104 of the Amended Complaint, these Defendants repeat and reiterate their responses to the allegations set forth in the corresponding paragraphs of the Plaintiffs' Amended Complaint. These Defendants object to the jumbling of causes of action.

19. As to the allegations set forth in Paragraphs 105, 106, 107, 108, 109, 110, 111, 112, 113, and 114 of the Amended Complaint, these Defendants deny those allegations and demand strict proof thereof.

20. As to the allegations set forth in Paragraph 115 of the Amended Complaint, these Defendants repeat and reiterate their responses to the allegations set forth in the corresponding paragraphs of the Plaintiffs' Amended Complaint. These Defendants object to the jumbling of causes of action.

21. As to the allegations set forth in Paragraphs 116, 117, 118, 119, 120, 121, and 122 of the Amended Complaint, these Defendants deny those allegations and demand strict proof thereof.

22. As to the allegations set forth in Paragraph 123 of the Amended Complaint, these Defendants repeat and reiterate their responses to the allegations set forth in the corresponding paragraphs of the Plaintiffs' Amended Complaint. These Defendants object to the jumbling of causes of action.

23. As to the allegations set forth in Paragraphs 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, and 134 of the Amended Complaint, these Defendants deny those allegations and demand strict proof thereof.

24. As to the allegations set forth in Paragraph 135 of the Amended Complaint, these Defendants repeat and reiterate their responses to the allegations set forth in the corresponding paragraphs of the Plaintiffs' Complaint. These Defendants object to the jumbling of causes of action.

25. As to the allegations set forth in Paragraphs 136 and 137 of the Amended Complaint, these Defendants deny those allegations and demand strict proof thereof.

26. As to the allegations set forth in Paragraph 138 of the Amended Complaint, these Defendants repeat and reiterate their responses to the allegations set forth in the corresponding paragraphs of the Plaintiffs' Amended Complaint. These Defendants object to the jumbling of causes of action.

27. As to the allegations set forth in Paragraphs 139, 140, 141, 142, and 143 of the Amended Complaint, these Defendants deny those allegations and demand strict proof thereof.

28. These Defendants assert that the Plaintiffs are not entitled to the relief sought in their Amended Complaint, or any other relief.

## FOR A THIRD DEFENSE

29. These Defendants assert legal justification, and that such legal justification bars the claims set forth by the Plaintiffs in their Amended Complaint.

## FOR A FOURTH DEFENSE

30. These Defendants had probable cause for the alleged search and/or seizure in question, based upon the totality of the circumstances, and therefore the claims set forth by the Plaintiffs in their Amended Complaint fail as a matter of law.

## FOR A FIFTH DEFENSE

31. These Defendants would allege that at no time have they violated any clearly established constitutional rights which were known or should have been known to them, and therefore these Defendants are entitled to immunity.

32. The actions of these Defendants, at all times relevant to the allegations set forth in the Complaint, were objectively reasonable under the existing law, and therefore these Defendants are entitled to immunity.

## FOR A SIXTH DEFENSE

33. These Defendants assert consent on the part of the Plaintiffs regarding the allegedly illegal search of the vehicle and/or persons in question, as a complete bar to the Plaintiffs' allegations.

## FOR A SEVENTH DEFENSE

34. The Plaintiffs have failed to establish a justiciable claim against these Defendants.

## FOR AN EIGHTH DEFENSE

35. The Plaintiffs have jumbled their causes of action and claims and therefore this action should be dismissed or in the alternative bifurcated.

## FOR A NINTH DEFENSE

36. These Defendants would assert the provisions of the Prison Litigation Reform Act as a bar, in whole or in part, to the allegations set forth in the Plaintiffs' Amended Complaint.

## FOR A TENTH DEFENSE

37. To the extent the Plaintiffs have alleged state law claims sounding in tort, these Defendants are immune from suit pursuant to the provisions of S.C. Code Ann. §§ 15-78-60(3), (4), (6), (20) and (23).

## FOR AN ELEVENTH DEFENSE

38. To the extent the Plaintiffs have alleged state law claims sounding in tort, Defendants Medlin, Smith, Shultz, Hall, and Barranco, in his individual capacity, are entitled to absolute employee immunity as set forth in S.C. Code Ann. § 15-78-70(a), and therefore should be dismissed as improper parties.

**FOR A TWELFTH DEFENSE**

39. To the extent the Plaintiffs have alleged state law claims sounding in tort, these Defendants assert the damages caps and prohibition against recovery of punitive or exemplary damages set forth in the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-120.

**FOR A THIRTEENTH DEFENSE**

40. To the extent the Plaintiffs have alleged state law claims sounding in tort, these Defendants assert that said claims are time-barred, in whole or in part, by the applicable statute of limitations.

**FOR A FOURTEENTH DEFENSE**

41. These Defendants, upon information and belief, allege that any injuries or damages allegedly suffered by the Plaintiffs, without admitting same to be true, were due to and caused entirely by the negligence of the Plaintiffs or the Plaintiffs' negligence which is more than the alleged negligence of these Defendants, and that such is a complete bar to the Plaintiffs' recovery herein. Further, these Defendants, upon information and belief, allege that if the Plaintiffs' negligence was less than the alleged negligence of these Defendants, that such negligence should be compared to the alleged negligence of these Defendants, so as to apportion the relative fault as to each party.

**FOR A FIFTEENTH DEFENSE**

42. These Defendants are entitled to sovereign immunity.

**FOR A SIXTEENTH DEFENSE**

43. These Defendants plead self-defense as a bar, in whole or in part, to the Plaintiffs' claims.

**FOR A SEVENTEENTH DEFENSE**

44. The Plaintiffs' claims are barred by the public duty rule.

**FOR AN EIGHTEENTH DEFENSE**

45. To the extent punitive damages are claimed, these Defendants demand a bifurcated jury trial pursuant to S.C. Code Ann. § 15-32-520 and further asserts the limitations or caps on an award of punitive damages pursuant to S.C. Code Ann. § 15-32-530.

**FOR A NINETEENTH DEFENSE**

46. These Defendants are entitled to sovereign immunity for all claims for punitive damages. Punitive damages are not recoverable under 42 U.S.C. § 1983 against these Defendants in their official capacities.

WHEREFORE, having fully answered the Complaint of the Plaintiffs, these Defendants pray that the Complaint be dismissed with prejudice, and for such other and further relief as the Court deems just and proper.

DAVIDSON & LINDEMANN, P.A.

*s/ Daniel C. Plyler*
DANIEL C. PLYLER, FED. ID #9762
1611 Devonshire Drive, 2nd Floor
Post Office Box 8568
Columbia, South Carolina 29202-8568
dplyler@dml-law.com
T: 803-806-8222
F: 803-806-8855

*Counsel for Defendants Medlin, Smith, Shultz, Hall, and Barranco in his individual capacity*

Columbia, South Carolina

May 3, 2016